UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-095-KKC

JERRY CLEVENGER PETITIONER

VS: **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, JR., Warden RESPONDENT

*** *** *** ***

Jerry Clevenger, an individual presently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI- Manchester"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") is violating 18 U.S.C. §3624(c) because the BOP (1) has failed to provide him with an opportunity to prepare for re-entry into society by not releasing him to the community for the last 10% of his sentence; and (2) has also failed to provide him with home confinement as an alternative.

ALLEGATIONS OF THE PETITION

The petitioner has submitted his allegations in a completed petition form for filing a §2241 proceeding, an accompanying typewritten memorandum, and a later-filed supplement. Record Nos. 1-3. The following is a summary of the allegations made therein.

Petitioner Clevenger begins with the facts of his conviction, writing that he was convicted

of violating 18 U.S.C. §§922(d)(1) and 924(a)(2) in the United States District Court for the Eastern District of Tennessee, *United States v. Clevenger*, No. 2:02-CR-049-001. On April 8, 2003, he was sentenced to 27 months' imprisonment. He alleges that he was committed to the BOP for service of the sentence on May 22, 2003, and was given a printout showing his "10% date of February 25, 2005 and a full term expiration date of August 20, 2005." At some point he was purportedly recommended for a CCC placement for February 25, 2005, and was approved for the placement by the Community Corrections Manager ("CCM"), but instead of starting on the February date, it was "to begin April 11, 2005[,] a loss of 44 days."

As to his legal position, the petitioner sets out the terms of two portions of 18 U.S.C. §3624. The first, 18 U.S.C. §3624(b), grants broad discretion on the BOP to place prisoners at "appropriate and suitable" facilities and to transfer them from one to another. He also quotes the next subsection, which provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement . . . .

18 U.S.C. §3624(c). The petitioner argues that the language therein is mandatory, requiring his CCC placement for the last 10% of his sentence; therefore, this federal right to placement in CCC by February 25, 2005, is being denied him; and so, his confinement at the prison until April 11th is violative of his rights under the statute.

Additionally, the petitioner claims that since he cannot be placed in a CCC by his 10% date, he should be sent directly to home confinement. On January 10, 2005, the petitioner filed a

grievance, specifically requesting home confinement. In this request, he relied on not only the above-quoted language from §3624(c), but also on Program Statement 7320.01, Home Confinement, which permits home confinement if an inmate does not require a CCC transition and an electronic monitoring program is available.

A copy of the warden's January 19, 2005 decision, denying home confinement, is attached to the petition. The petitioner states that he appealed that decision to the BOP's Regional Director. He asks the Court to waive further appeals in the administrative remedy process, however, and as has been done for other prisoners in this situation, the petitioner citing, *inter alia*, *Colton v. Ashcroft*, 299 F. Supp.2d 681 (E.D.Ky. 2004), which arose in this Court, the Honorable Jennifer B. Coffman, presiding. The petitioner also provides other, later, informal responses from BOP personnel who explain that the Knoxville CCC lacks the bed space to accept him on his 10% date and that home confinement is not available in Kentucky or Tennessee.

On February 22, 2005, the petitioner signed the initial pleadings herein and on February 28, 2005, they were received by the Clerk of the Court. Complaining that he is being denied the 10% transitional placement to which he is entitled, the petitioner states that he seeks preliminary and permanent relief in the form of an order requiring the Bureau of Prisons to transfer him to a halfway house and/or an alternative of home confinement.

## DISCUSSION

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a

district court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The Court begins with a pre-condition to filing a petition for writ of habeas corpus, the would-be petitioner's exhaustion of administrative remedies. The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden, on a BP-9 form. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10 form), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11). *See* §542.15.

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The instant petitioner does not allege exhaustion of the administrative process prior to filing in federal court. Rather, he states that he began the administrative remedy process with his grievance and that he appealed the denial of his request so far as the level of the BOP's Regional Director. He admits herein that he has not exhausted the BOP's administrative remedy system, but asks that the

exhaustion requirement be waived, as it was for the petitioner in the *Colton* case.

The petitioner is correct that a Court may waive the exhaustion requirement and that this Court did so in *Colton*. Petitioner Clevenger, however, is simply not similarly situated to Petitioner Colton. Colton was on the edge of release to the CCC under a policy of providing prisoners CCC placement for their final six months, when the date was jerked away and another later one set, occasioned only by a change in BOP policy interpreting two statutes, 18 U.S.C. §3621(b) and portions of §3624. This Court could, therefore, address merely the legal issue of the validity of the changed policy and its application to that petitioner.

The BOP's decision to deny Petitioner Colton a lengthier CCC placement had nothing to do with him, the locale chosen for his placement, or an appropriate CCC's bed space. The instant petitioner suggests that the BOP's decision about his placement was based on such conditions, not a change in the law or BOP policy or a program statement. Yet, he has not supplied the Court with a record as to the facts and the BOP's position on relevant issues. One of the reasons for the exhaustion requirement is to prepare a record for the courts. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The instant record contains few facts, including the information that Petitioner Clevenger was not sentenced until after the rule change challenged in *Colton*; and his surrender to prison was in May of 2003, when he discovered at that time that his BOP 10% date was February 25, 2005. The Court does not know when in the next 20 months he learned that he could not be placed in a CCC on this date but would be required to wait 44 days, until April 11, 2005. The attachments show only that it was not until the very end of 2004 that the petitioner filed an informal request to a staff member about his service of his last 10%. Even then, the topic was not about the 44-day delay, but

about home as an alternative location for service of the last 10% of his imprisonment.

Because Petitioner Clevenger did not exhaust the administrative remedy process, this Court does not have the exact nature of his request or the rationale of the BOP hierarchy, *i.e.*, the responses of the BOP Regional Director or National Office, so as to address any legal issues therein with regard to the CCC decision about Clevenger's placement. Therefore, the Court will not excuse him from the exhaustion requirement, but will deny the instant petition without prejudice.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Jerry Clevenger's petition for writ of habeas corpus is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 26th day of April, 2005.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Karen K. Caldwell*** KKC
**United States District Judge**